UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL WAYNE HARLSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-01489-DDN |
| | ) |
| METROPOLITAN ST. LOUIS | ) |
| PSYCHIATRIC CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant Metropolitan St. Louis Psychiatric Center submits the following memorandum in support of its Motion to Dismiss.

**I.   Introduction**

Plaintiff Michael Wayne Harlston, Jr. ("Plaintiff") filed a Complaint alleging a cause of action for wrongful termination against Defendant Metropolitan St. Louis Psychiatric Center ("Metro"). [Doc. 1, ¶1]. Plaintiff does not state any federal statute or constitutional right that he believes has been violated by Defendant Metro. [Doc. 1, pages 1-3].

Defendant Metro brings this motion to dismiss as Plaintiff has failed to establish subject-matter jurisdiction in this Court and Plaintiff has failed to plead that he received a "right to sue" letter.

1

## II. Standard of Review

### a. Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A district court has authority to consider matters outside the pleadings when subject-matter jurisdiction is challenged under Rule 12(b)(1). *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 637, n. 4 (8th Cir.2003). In such a challenge, a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F .2d 724, 729 (8th Cir.1990). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims. *Id*. The party invoking federal jurisdiction bears the burden of affirmatively pleading and proving subject-matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

### b. Motion to Dismiss for Failure to State a Claim.

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. This standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*.

### III. Discussion

#### 1. Plaintiff has failed to establish subject-matter jurisdiction.

28 U.S.C. §1331 grants subject matter jurisdiction to a federal court when the lawsuit "arise[es] under the Constitution, laws or treaties of the United States." Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00 and where there is complete diversity of citizenship. 28 U.S.C. §1332(a). Complete diversity of citizenship exists where no defendants are citizens of a state where any plaintiff is a citizen. *Capital Indemnity Corp. v. Russellville Steel Company, Inc.*, 367 F.3d 831, 835 (8th Cir.2004).

In this case, Plaintiff has failed to identify any federal statute or constitutional right that he believes has been violated by Defendant Metro. [Doc. 1, pages 1-3]. Plaintiff styles his action as one for "wrongful termination" and references a Missouri state statute. [Doc. 1, ¶¶1, 6]. In

3

addition, Plaintiff has alleged that both he and Defendant Metro are residents of Missouri. [Doc. 1, page 1]. Accordingly, Plaintiff has failed to allege any basis for subject-matter jurisdiction in this Court as no federal statute or constitutional right is at issue and both Plaintiff and Defendant Metro are residents of Missouri. 28 U.S.C. §1331; *Capital Indemnity Corp.*, 367 F.3d at 835. Therefore, Plaintiff's Complaint should be dismissed for lack of subject-matter jurisdiction.

### 2. Plaintiff has failed to plead that he received a right to sue letter.

To bring a claim pursuant to the Missouri Human Rights Act ("MHRA") for wrongful termination, a plaintiff must receive a "right to sue" letter from the Missouri Human Rights Commission ("MHRC"). *Whitmore v. O'Connor Mgmt. Inc.*, 156 F.3d 796, 800 (8th Cir.1998). A right-to-sue letter is a condition precedent to bringing an action under the MHRA. *Id.*

Plaintiff's Complaint alleges that he has not even filed a charge of discrimination with the MHRC, much less received a "right to sue" letter. [Doc. 1, ¶6]. Accordingly, Plaintiff has failed to meet a condition precedent to filing a cause of action for wrongful termination and his case should be dismissed.

## IV. Conclusion

Based on the foregoing, Defendant Metropolitan St. Louis Psychiatric Center respectfully requests this Court issue its order and judgment dismissing Plaintiff's Complaint for failure to state a claim; and for such further relief as the court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Philip Sholtz*
Philip Sholtz, #57375
Assistant Attorney General
Attorney General's Office
P.O. Box 861
St. Louis, Missouri  63188
Phone:  (314) 340-6815
Fax:  (314) 340-7029
Philip.Sholtz@ago.mo.gov

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served upon the following parties via the Court's electronic filing system and/or by first class mail, postage pre-paid this 23rd day of August, 2013:

**Michael Wayne Harlston, Jr.**
1255 Peggy Court
St. Louis, MO 63147

*Plaintiff pro se*

                                        */s/ Philip Sholtz*
                                        Philip Sholtz
                                        Assistant Attorney General