# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HARLSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13 CV 1489 DDN |
| ) | |
| METROPOLITAN ST. LOUIS ) | |
| PSYCHIATRIC CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of defendant Metropolitan St. Louis Psychiatric Center to dismiss the claims of pro se plaintiff Michael Harlston. (Doc. 9.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12.)

## I. BACKGROUND

On July 30, 2013, pro se plaintiff Michael Harlston commenced this action against defendant Metropolitan St. Louis Psychiatric Center. (Doc. 1.) According to the complaint, the following occurred. Plaintiff formerly worked for defendant and suffers from posttraumatic stress disorder. (Id. at ¶ 10.) While employed by defendant, plaintiff attempted to restrain an upset patient, which caused plaintiff injury. (Id.) Plaintiff received some medical treatment through defendant but also sought treatment on his own behalf. (Id.) Defendant's psychologist advised plaintiff not to return to work immediately. (Id.) Plaintiff followed the advice of the psychologist and took leave under the Family and Medical Leave Act. (Id.) He also received workers compensation. (Id.) During this period of leave, on October 13, 2011, defendant terminated plaintiff. (Id. at ¶¶ 5, 10.) His termination caused plaintiff depression, which resulted in a finding of disability on April 4, 2012. (Id. at ¶¶ 5, 11.) Plaintiff seeks damages for pain and suffering caused by the termination. (Id. at 3.)

## II. MOTION TO DISMISS

Defendant moves to dismiss plaintiff's claim, arguing that plaintiff alleges a state law cause of action for wrongful termination and has failed to establish that this court has subject matter jurisdiction over this action. Specifically, defendant argues that plaintiff's allegations do not satisfy diversity or federal question jurisdiction and that plaintiff failed to exhaust administrative remedies under the Missouri Human Rights Act (MRHA). Plaintiff responds that he filed a charge under the Americans with Disabilities Act and the Family and Medical Leave Act and that he received a right-to-sue letter. Defendant replies that plaintiff did not mention an ADA claim in his complaint and that such claim is untimely.

## III. MOTION TO DISMISS STANDARD

Defendant's motion to dismiss invokes Federal Rules of Civil Procedure 12(b)(1) and (b)(6). A motion to dismiss under Rule 12(b)(1) challenges whether the district court possesses subject matter jurisdiction to hear the case. Johnson v. United States, 534 F.3d 958, 964 (8th Cir. 2008). Because the jurisdictional dispute can be decided solely on the basis of the relief sought in [non-movant's] complaint, the motion "is subject to the same standards as a motion brought under Rule 12(b)(6)." Mattes v. ABC Plastics, Inc. 323 F.3d 695, 698 (8th Cir. 2003). Thus, the court confines itself to the complaint, considering all factual allegations as true and drawing all reasonable inferences in [non-movant's] favor. Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

## IV. DISCUSSION

Defendant argues that plaintiff alleges a state law cause of action for wrongful termination and has failed to establish federal court subject matter jurisdiction. Specifically, defendant argues that plaintiff's claim does not satisfy diversity of citizenship or federal question jurisdiction and that plaintiff failed to exhaust administrative remedies under the MHRA.

Defendant construes plaintiff's complaint as alleging either a common law wrongful discharge claim or a claim under the Missouri Human Rights Act. The complaint includes the terms "Wrongful Termination," "wrongful employment termination," and "Missouri Commission on Human Rights," and alleges that he "was terminated while on FMLA." (Doc. 1

at ¶¶ 9, 10.) Plaintiff also argues that he filed claims with the EEOC alleging violations of the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). (Docs. 13, 13-1.) "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The FMLA entitles eligible employees to leave due to serious health conditions that render them unable to fulfill the duties of their position. 29 U.S.C. § 2612(a)(1)(D). Actionable claims under the FMLA include (1) interference "claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) 'retaliation' . . . claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights." Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006) (citing 29 U.S.C. § 2615). "[E]very discharge of an employee while [he] is taking FMLA leave interferes with an employee's FMLA rights" and may be a basis for liability. Throneberry v. McGehee Desha Cnty. Hosp., 403 F.3d 972, 980 (8th Cir. 2005). "The employer is not liable for this interference, however, where an employee's reason for dismissal is insufficiently related to FMLA leave." Phillips v. Mathews, 547 F.3d 905, 911 (8th Cir. 2008). Plaintiff alleges that defendant, his employer, terminated him during his FMLA leave. (Doc. 1 at ¶ 10.) Thus, the court construes plaintiff's complaint as alleging an interference claim under the FMLA.

Defendant argues that plaintiff failed to exhaust administrative remedies. The FMLA contains no such requirement. 29 U.S.C. § 2617; 29 C.F.R. § 825.400(a); see also Haskell v. CentraCare Health Sys.-Long Prairie, 2013 WL 3338686, *3 n.7 (D. Minn. 2013); Sanvee v. Hennepin Cnty. Human Servs., 2012 WL 4128388, *17 (D. Minn. 2012). Additionally, plaintiff's FMLA claim satisfies the requirements of federal question subject matter jurisdiction. See 28 U.S.C. § 1331. Accordingly, regarding plaintiff's FMLA claim, the court denies defendant's motion to dismiss.

The ADA prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). For claims under the ADA, plaintiffs must establish: (1) "[he] is disabled within the meaning of the ADA," (2) "[he] is qualified to perform the essential functions of [his] job with or without reasonable accommodation," and (3) [he] suffered an adverse employment action under circumstances that give rise to an inference of unlawful

discrimination based on disability." Heisler v. Metro. Council, 339 F.3d 622, 626-27 (8th Cir. 2003).

Although plaintiff alleges disability, he also alleges that he became disabled as a result of his termination. (Doc. 1 at ¶¶ 10-11.) Such allegations imply that the disability occurred only after his termination and thus eliminates an inference that defendant terminated plaintiff based on his disability. Further, plaintiff's complaint contains no mention of the ADA.

Even assuming plaintiff adequately alleged an ADA violation, the ADA, unlike the FMLA, requires exhaustion of administrative remedies. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f); Randolph v. Rodgers, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"). The record contains a right-to-sue letter addressed to plaintiff from the Equal Employment Opportunity Commission (EEOC). (Doc. 13-1.) Therein, the EEOC states that it dismissed plaintiff's charge for failure to timely file the charge. (Id.)

"As a prerequisite to filing a claim under the ADA, a plaintiff must file with the EEOC a charge of discrimination within 180 days of the alleged discriminatory act." Stewart v. Domtar Indus., Inc., 228 F. App'x 626, 627 (8th Cir. 2007) (citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a)). Plaintiff's charge is dated August 27, 2013. (Doc. 13-1 at 2.) Plaintiff's complaint alleges that the termination occurred in October 2011, although his EEOC charge alleges that it occurred in December 2011. (Doc. 1 at ¶ 5; Doc. 13-1 at 2.) In either case, plaintiff failed to file the charge within 180 days of the date he was terminated. Although the 180-day requirement may be equitably tolled, plaintiff advances no such argument. See Coons v. Mineta, 410 F.3d 1036, 1040 (8th Cir. 2005). Accordingly, to the extent plaintiff alleges a claim under the ADA, such claim is dismissed for failure to exhaust administrative remedies.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Metropolitan St. Louis Psychiatric Center to dismiss the claims of pro se plaintiff Michael Harlston (Doc. 9) is sustained in part and denied in part. Plaintiff's claim under the Americans with Disabilities Act is dismissed. Plaintiff's claim under the Family Medical Leave Act is not dismissed.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 17, 2013.